UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-77-BO

| | |
|---|---|
| MARION MATHIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross motions for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons stated below, Plaintiff's motion is GRANTED and this case is REMANDED for further proceedings. Defendant's motion is DENIED.

## BACKGROUND

Plaintiff applied for disability benefits on May 24, 2006, alleging disability as of July 12, 2005. Plaintiff amended the onset date at his hearing to March 2006, when he first became unemployed. The application was denied both initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on November 6, 2008. The ALJ issued an unfavorable decision and Plaintiff filed a request for review with the Appeals Council. The Appeals Council denied Plaintiff's request on April 13, 2009, and the ALJ's decision became the final decision of the Commissioner.

Plaintiff filed a Complaint with this Court on May 8, 2009. On September 25, 2009, Plaintiff filed a Motion for Judgment on the Pleadings. On February 26, 2010, Defendant filed a

Motion for Judgment on the Pleadings. A hearing was held in Raleigh, North Carolina, on June 22, 2010. These motions are ripe for ruling.

## DISCUSSION

This case is REMANDED for further proceedings consistent with this opinion because the ALJ did not address Listing 4.02 at step three of the analysis, or properly consider and address at step five, all of Plaintiff's medical conditions, including, but not limited to, chest pain and shortness of breathe. Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). This Court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." Remand for further proceedings is the proper action in any case that requires further fact finding. *See Smith v. Schweiker,* 795 F.2d 343, 348 (4th Cir. 1986).

Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart,* 216 Fed. Appx. 345, 348 (4th Cir. 2007) (citing *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987)). First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe

impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* If a claimant meets an impairment listed in Appendix 1 of 20 C.F.R., Part 404, Subpart P, then the claimant is conclusively presumed to be disabled and the inquiry ends. 20 C.F.R. §§ 416.920(d), 404.1520(d). Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. 20 C.F.R. § 404.1520. Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

The Fourth Circuit has held that the ALJ must explain his rationale when determining whether a plaintiff's specific injury meets or equals a listed impairment. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). This requires an ALJ to compare the plaintiff's actual symptoms to the requirements of any relevant listed impairments in more than a "summary way." *Id.* In this case, the ALJ did not discuss Listing 4.02, which is relevant for Plaintiff's heart condition. Tr. 17. The ALJ said that there was no listing for cardiomegaly. While correct, it is because cardiomegaly can be a symptom wherein the heart is enlarged, and not simply the underlying cardiac condition. The listings are not designed to be all-inclusive, and the ALJ must exam the symptoms and compare them to the relevant listing, even if the diagnosed ailment is not identical. On remand, the ALJ must review the medical evidence and make a determination as to whether Plaintiff's heart condition meets or equals Listing 4.02.

At step five, the ALJ should address all of Plaintiff's symptoms. Plaintiff testified that he had headaches several days a week and has to take nitroglycerin in the mornings to relieve chest

3

pain. Tr. 31-33. Plaintiff also reported shortness of breath and chest pain to his physician. Tr. 668. On remand, if a step five analysis is appropriate, the ALJ must either include these conditions in the RFC and receive addition testimony from a VE, or explain why this testimony and accompanying medical reports are not credible. Because the ALJ's findings were not based on substantial evidence, this case is REMANDED.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings is GRANTED and this case is REMANDED for further proceedings consistent with this opinion. Defendant's Motion for Judgment on the Pleadings is DENIED.

SO ORDERED.

This _15_ day of July, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE